UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
MAR 13 2018

| | |
|---|---|
| GARY EUGENE KIDD,<br><br>    Plaintiff,<br><br>vs.<br><br>JAY TASA, SHERIFF AT ROBERTS CO. JAIL IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, MELESSIA MEDBERRY, JAIL ADMINISTRATOR AT ROBERTS COUNTY JAIL IN HER INDIVIDUAL AND OFFICIAL CAPACITY; AND ROBERTS COUNTY, OWNER AND OPERATOR AT ROBERTS CO. JAIL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>    Defendants. | 1:17-CV-01010-CBK<br><br>ORDER |

    Plaintiff instituted this action contending that he was injured at the Roberts County Jail as a result of unsafe prison conditions and that defendants failed to attend to his serious medical needs. I granted leave to proceed *in forma pauperis* and ordered the U.S. Marshals Service to serve the summons and complaint upon plaintiff paying the initial filing fee. Plaintiff thereafter filed an amended complaint to which defendant Tasa filed an answer. Defendants Medbery and Roberts County filed a motion to dismiss for insufficient service of process. Plaintiff filed a motion to have defendants re-served properly. In an attempt to remedy the service of process issue, plaintiff submitted a new civil rights complaint along with another motion to proceed without the prepayment of fees. I directed the Clerk of Courts to file the complaint as a second amended complaint so that plaintiff would not have to pay an additional filing fee. Defendants have filed an answer to the second amended complaint.

Plaintiff has filed a discovery motion wherein he requests the Court order defendants to produce copies of his medical records along with copies of jail camera films related to his fall and related to his claim that certain unsafe prison conditions existed and continued to exist. Plaintiff is proceeding *pro se* and *in forma pauperis* and is unable to obtain his own medical records or discovery. Production of such records is appropriate and would be required in response to a request for production of documents if plaintiff were represented by counsel.

Defendants shall provide copies of any medical records for any treatment he received while in custody at the Roberts County Jail. Any such medical records, although belonging to plaintiff, were incident to defendants' role as custodian and should be provided to plaintiff. Plaintiff will be required to sign a medical release form and defendants should provide such form to plaintiff.

Defendants should provide copies of relevant jail films to plaintiff and shall file the same with the Court. Plaintiff also requests the Court order defendants to photograph the ceiling of the relevant cell block to document his claims. Ordinarily, defendants are not required to affirmatively obtain evidence to support plaintiff's claims. However, defendants were plaintiff's custodian and he was and is without the assistance of counsel to document such matters for himself. It is appropriate to require defendants to photograph the ceiling of the cell block wherein plaintiff was housed at the time he claims that he was injured and at any time while he was housed at the Roberts County Jail. Copies of such photographs should be provided to plaintiff and filed with the Court.

Plaintiff had filed a motion for the appointment of counsel. The United States Court of Appeals for the Eighth Circuit has held:

> "[A]n indigent pro se prison litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary." *Reynolds v. Foree*, 771 F.2d 1179, 1181 (8th Cir.1985) (*per curiam*). The district court should determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir.1984).

2

Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986).

> Although factual complexity is certainly a relevant factor for a district court to consider in determining an indigent litigant's need for appointment of counsel, it is not the only factor. We believe that in addition to factual complexity, the district court should also consider the ability of an indigent to investigate the facts, the existence of conflicting testimony, the ability of an indigent to present his claim, and the complexity of the legal issues. These factors are "by no means an exclusive checklist," and the weight to be given any one factor will vary with the case.

Johnson v. Williams, 788 F.2d at 1322-23 (internal citations omitted).

Appointment of counsel is not necessary at this time. The case is not factually complex. Discovery is also not complex in this case. I will re-visit the propriety of appointment of counsel if necessary.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 13, to produce records is granted. Defendants shall provide a medical release to plaintiff and, upon receipt, obtain copies of medical records which were generated while plaintiff was in the defendants' custody. Defendants shall provide to defendant and file with the court copies of films showing the time of plaintiff's alleged fall and any films showing the condition of the jail relevant to the claimed leak in the ceiling. Defendants shall also cause photographs to be taken of the condition of the ceiling in any area wherein plaintiff was housed at the Roberts County Jail during the time referenced in the second amended complaint.

2. Defendants' motion, Doc. 28, to dismiss is denied as moot.

3. Plaintiff's motion, Doc. 34, to have defendants properly served is denied as moot.

4. Plaintiff's motion, Doc. 35, for the appointment of counsel is denied.

3

5. Plaintiff's motion, Doc. 38, to proceed *in forma pauperis* is denied as moot.

DATED this 9th day of March, 2018.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge