
FILED
NOV 20 2019
[Clerk signature]
CLERK

| | |
|---|---|
| GARY EUGENE KIDD, <br><br> Plaintiff, <br><br> vs. <br><br> JAY TASA, SHERIFF AT ROBERTS CO. JAIL IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MELESSIA MEDBERRY, JAIL ADMINISTRATOR AT ROBERTS COUNTY JAIL IN HER INDIVIDUAL AND OFFICIAL CAPACITY; AND ROBERTS COUNTY, OWNER AND OPERATOR AT ROBERTS CO. JAIL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; <br><br> Defendants. | 1:17-CV-01010-CBK <br><br> ORDER |

Plaintiff filed this action contending that, while he was a pretrial detainee at the Roberts County Jail in April 2017, a major leak in the roof occurred and water collected on the floor of the jail. He claims that, as a result of the condition of the floor, he fell and suffered serious injury. Plaintiff further claims that defendants failed to procure immediate medical attention for his injuries and failed to follow through with the medical treatment prescribed for his injuries. He seeks $300,000 compensation from each defendant for his injuries and his pain and suffering.

Defendants filed a motion for summary judgment. Plaintiff has failed to respond to the motion. Defendants are entitled to prevail on their motion for summary judgment if they demonstrate that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Wd.2d 265 (1986). "A genuine issue of material fact exists only when 'there is a dispute about a fact material to the outcome of the case, and the dispute is genuine in that a reasonable jury could return a verdict for either party.'" Johnson v. Leonard, 929 F.3d 569, 577 (8th Cir. 2019).

The opposing party is not required to respond to the motion, but failure to controvert the moving party's statement of material facts allows the Court to consider the facts undisputed. Fed. R. Civ. P. 56(e)(2). This Court cannot simply grant an unopposed motion for summary judgment but must determine whether the moving party "is entitled" to summary judgment. Fed. R. Civ. P. 56(e)(3). Failure to respond to the motion for summary judgment is not conclusive; this Court must examine the record to determine whether summary judgment is appropriate. Canada v. Union Elec. Col, 135 F.3d 1211, 1213 (8th Cir. 1997).

There is no genuine issue of material fact that a leak occurred in the roof of the Roberts County Jail and, on April 18, 2017, plaintiff slipped in water on the floor of the jail and fell. Staff was notified of plaintiff's fall by other inmates at 6:45 a.m. Three minutes later, a correctional officer attended to plaintiff. Plaintiff complained of pain in his back, elbow, and head. He requested a pain reliever and staff gave him ibuprofen. Plaintiff did not indicate that he was having a medical emergency and it did not appear to staff members present at the time that he was having a medical emergency.

Staff gave plaintiff ice packs over the next few hours and continued to monitor his condition. At 9:09 a.m., staff contacted a local medical clinic but no open appointments were available. Staff transported plaintiff to the local hospital at 10:15 a.m. where he was treated and released. Plaintiff was diagnosed with a possible concussion and was advised to avoid watching television or engaging in other activities that caused him headaches. He was prescribed prescription and non-prescription pain relievers for elbow and tailbone pain and was referred to physical therapy.

Following plaintiff's release from the emergency room, plaintiff received pain medication every day until he was transferred to the South Dakota State Penitentiary on June 5, 2017. Staff transported plaintiff to four doctor appointments and seven physical therapy appointments until plaintiff was discharged from physical therapy.

Since 2013, jail personnel dealt with a leak in the skylight in the cell-block area where plaintiff was housed. Caulk was applied to the roof on several occasions when a leak would appear after a storm. In addition to jail maintenance staff attending to the occasional leak, an outside company was hired to seal the skylight. After sealant was applied, the skylight would not leak for a period of time. When the leak occurred in the early morning hours of April 18, 2017, jail personnel put out buckets to collect the water and mopped up the water on the jail floor.

## I. Deliberate Indifference.

The United States Court of Appeals for the Eighth Circuit has set forth the standard to be applied in this case:

> "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citation omitted). As a pretrial detainee, [plaintiff] is "entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). To prove his deliberate indifference claim, [plaintiff] must show: "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." *Id.* "Deliberate indifference is more than negligence, more even than gross negligence . . . ." *Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014). It "may be found where medical care is so inappropriate as to evidence intentional maltreatment." *Id. See Holden*, 663 F.3d at 343 ("The level of culpability required to demonstrate deliberate indifference on the part of prison officials is equal to criminal recklessness."). This is a "fact-intensive inquiry" that requires [plaintiff] to "clear a substantial evidentiary threshold" to succeed on his claim. *Nelson v. Shuffman*, 603 F.3d 439, 448–49 (8th Cir. 2010).

Johnson v. Leonard, 929 F.3d 569, 575–76 (8th Cir. 2019).

3

Plaintiff has not raised any genuine issue of material fact that defendants disregarded any serious medical need. He did receive medical treatment following his slip at the Roberts County Jail. The medical records show that plaintiff was provided prompt care and that he was provided follow-up care as ordered by plaintiff's treating physicians. This is not a case where plaintiff can claim that prison doctors refused to follow a particular course of treatment. He was treated in the community by doctors not associated with the jail.

Plaintiff bears the burden at trial to prove that defendants disregarded his serious medical need. Plaintiff has not responded to the motion for summary judgment by setting forth any facts showing that he was subject to the "unnecessary and wanton infliction of pain" as required to meet the substantial evidentiary threshold required to show deliberate indifference. He has failed to refute the medical records presented by the defendants demonstrating that care was provided for the injuries he received when he slipped and fell at the jail. Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997).

There is no evidence in the record that defendants deliberately disregarded any serious medical need of the plaintiff. Defendants are entitled to summary judgment on plaintiff's claim for deliberate indifference.

## II. Conditions of Confinement.

"To establish a conditions of confinement claim, a plaintiff must demonstrate (1) that the alleged deprivation was 'objectively, sufficiently serious' to result in the 'denial of the minimal civilized measure of life's necessities,' and (2) that the prison official whose action or omission caused the deprivation behaved with deliberate indifference to inmate health or safety.'" Hamner v. Burls, 937 F.3d 1171, 1178 (8th Cir. 2019) (*quoting* Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Based upon the facts in this case, plaintiff cannot show that the condition of confinement that he complains about – a leaking skylight – resulted in the denial of the minimal civilized measure of life's necessities. Even those of us living outside the prison walls experience occasional leaks in the roof when it rains.

Further, plaintiff cannot show that defendants were deliberately indifferent to the condition of the skylight. The evidence shows that defendants did take action to fix the leak whenever it occurred. Defendants did not fail to act to correct the condition with conscious disregard for the risk. Blair v. Bowersox, 929 F.3d 981, 987-88 (8th Cir. 2019). Prison officials who act reasonably to respond to a risk of harm cannot be shown to have violated the Eighth Amendment. Farmer, 511 U.S. at 844, 114 S.Ct. at 1882-83. Even if plaintiff were able to show that the condition of the leaking skylight amounted to a known substantial risk, plaintiff has failed to show that defendants were deliberately indifferent to that risk by failing to respond reasonably to it. Kulkay v. Roy, 847 F.3d 637, 643 (8th Cir. 2017). Defendants are entitled to summary judgment on plaintiff's conditions of confinement claim.

**III. State Law Claims.**

Defendants have moved for summary judgment of plaintiff's state law negligence claims, to the extent that his *pro se* complaint alleges such claims. Defendants contend that defendants are immune from suit pursuant to SDCL § 3-21-8. I decline to address plaintiff's supplemental state law claims. I exercise my discretion to dismiss such claims without prejudice. *See*, Figg v. Russell, 433 F.3d 593, 600 (8th Cir. 2006).

**ORDER**

Based upon the foregoing,

IT IS ORDERED:

1. Defendants' motion, Doc. 77, for summary judgment is granted in part. Plaintiff's federal civil rights claims are dismissed with prejudice.

2. Plaintiff's state-law claims are dismissed without prejudice.

3. All other pending motions are denied as moot.

DATED this 20th day of November, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

5